USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _6/24/08_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GREAT AMERICAN INSURANCE COMPANY,               :

        Plaintiff,               :

        -against-               :

M/V MACKINAC BRIDGE, her engines, boilers,     :
tackle, etc., KAWASAKI KISEU KAISA LTD. ("K"
LINE), & NORFOLK SOUTHERN RAILWAY CO.,     :

        Defendants.               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 Civ. 6537 (AJP)

**OPINION AND ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

       Plaintiff Great American Insurance Company has settled its claim against defendants, and presently before the Court is the motion of defendant Kawasaki Kiseu Kaisa Ltd. ("K-Line") seeking indemnification of its attorneys' fees from co-defendant Norfolk Southern Railway Company. (Dkt. No. 58: Notice of Motion.) K-Line and Norfolk Southern consented to decision of the attorneys' fees indemnification motion by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 52: § 636(c) Stip. & Order.)

       For the reasons set forth below, K-Line's motion is DENIED.

**FACTS**

       Plaintiff Great American is the subrogated insurer for A&J Distributors, the consignee of a shipment of 600 VCRs carried under a K-Line Waybill. (Dkt. No. 50: 3/25/08 Opinion at 2; see

<u>also</u> Dkt. No. 60: Stipulated Evidence ¶ 1 & Ex. A: K-Line Waybill for the 600 VCRs.) K-Line

arranged with Norfolk Southern to transport the VCRs from Port Elizabeth, New Jersey to Chicago,

pursuant to an Intermodal Transportation Agreement between K-Line and Norfolk Southern.

(3/25/08 Opinion at 2; Stip. Evidence ¶ 2 & Ex. B: Intermodal Transportation Agreement Between

K-Line & Norfolk Southern.)

On arrival in Port Elizabeth, the container containing the VCRs remained sealed, but

after its arrival in Chicago, Norfolk Southern police officers discovered the door to the container ajar

and unsealed and all but 38 of the VCRs were gone. (3/25/08 Opinion at 3-4; <u>see</u> Stip. Evidence

¶ 8.)

Judge Jones denied Great American's and Norfolk Southern's cross-motions for

summary judgment, finding disputed factual issues. (3/25/08 Opinion at 1, 8-12.)

Judge Jones granted K-Line's motion for indemnification from Norfolk Southern.

(3/25/08 Opinion at 16-18.) Judge Jones held as follows:

> As discussed above, Norfolk Southern transported the Container via rail
> pursuant to an Intermodal Transportation Agreement between it and K-Line. Under
> this Agreement, Norfolk Southern's liability for loss and damage to the contents of
> the containers it transports is governed by Intermodal Rules Circular #2. Rule 8.3.2
> of the Circular provides that Norfolk Southern will not be liable for damage unless
> the claimant establishes that:
>
> > [B]oth
> > a) the Shipper[13] loaded shipment in closed, locked and secured trailer and/or
> > container, and was properly loaded, blocked and braced . . . and
> > b) the damage occurred, more probably than not, while the lading was in
> > possession of . . . N[orfolk] S[outhern] . . .
>
> [13]     For purposes of this case, K-Line is both the "Shipper" and "claimant" under
> Rule 8.3.2. . . .

(3/25/08 Opinion at 16, quoting Intermodal Rules Circular #2; <u>see</u> Dkt. No. 60: Stip. Evidence ¶ 3 & Ex. C: Intermodal Rules Circular #2.)[1]

Judge Jones found that the container was properly closed and sealed when delivered to Norfolk Southern, satisfying the first requirement of Rule 8.3.2, and that loss of the VCRs more probably than not "occurred while the Container was in Norfolk Southern's possession," satisfying the second requirement of Rule 8.3.2. (3/25/08 Opinion at 17-18.) Judge Jones concluded that "the Court finds as a matter of law that K-Line has established Norfolk Southern's obligation for indemnity/contribution pursuant to Rule 8.3.2." (3/25/08 Opinion at 18.)

After Judge Jones' decision on the summary judgment motions, Norfolk Southern settled with plaintiff Great American; on April 15, 2008, Great American's claims were dismissed, with the case kept open to determine K-Line's attorneys' fees indemnification motion. (<u>See</u> Dkt. No. 59: Nourse Aff. ¶ 9; Dkt. No. 55: Order of Partial Dismissal.) K-Line and Norfolk Southern have stipulated that K-Line's "reasonable attorneys' fees and expenses in defending Plaintiff's claims respecting the VCRs total $43,050." (Stip. Evidence ¶ 9.)

The remaining issue is whether K-Line is entitled to attorneys' fees at all. K-Line principally points to general maritime indemnification case law (<u>see</u> Dkt. No. 61: K-Line Br. at 4-7),

---

[1]    Intermodal Rules Circular #2 applies because the Norfolk Southern - K-Line Intermodal Transportation Agreement, Clause 13(b)(1), "provided that all matters regarding liability with regard to loss and damage to goods carried by Norfolk Southern shall be governed by Rule 8 of its Rules Circular in effect on the date of the shipment." (Stip. Evidence ¶ 3.)

while Norfolk Southern principally relies on § 8.3.3 of the Intermodal Rules Circular #2 (see Dkt.

No. 62: Norfolk Southern Opp. Br. at 5-7). Section 8.3.3 provides that:

> e) NS's liability will not extend beyond the actual physical loss or damage to the cargo itself, plus any costs reasonably incurred in efforts to mitigate the loss or damage. <u>NS will not be liable for attorney fees</u> (except to the extent permitted in "Lawsuits and Arbitrations" in the "Other Rights and Responsibilities" sections below), for interest, or for special, consequential, indirect or punitive damages. Unless amended by written agreement signed by an authorized NS official prior to shipment (see "Counteroffer" in Terms and Conditions" in "General Contract Conditions" section), NS's liability for loss, damage or delay to any shipments under this circular shall be limited to the lesser of the destination value of the cargo or $250,000.

(Stip. Evidence Ex. C: Intermodal Rules Circular #2 § 8.3.3(e), emphasis added.)

## ANALYSIS

K-Line claims that it is entitled to attorneys' fees under maritime indemnity case law,

arguing:

> It has long been the rule in admiralty and maritime actions involving claims for cargo loss or damage under COGSA that a party who is entitled to an indemnity from another for breach of obligations respecting the cargo is entitled to recover from the indemnitor, as part of his indemnity, the reasonable attorneys' fees and expenses incurred in defending the plaintiff's claim.

(Dkt. No. 61: K-Line Br. at 5.)[2/]

---

[2/] K-Line cites <u>Peter Fabrics, Inc.</u> v. <u>S.S. Hermes</u>, 765 F.2d 306, 314-16 (2d Cir. 1985); <u>Ilgan Integrated Steel Mills, Inc.</u> v. <u>S.S. John Weyerhaeuser</u>, 507 F.2d 68, 73 (2d Cir. 1974), <u>cert. denied</u>, 421 U.S. 965, 95 S. Ct. 1954 (1975); <u>Nichimen Co.</u> v. <u>M.V. Farland</u>, 462 F.2d 319, 333-34 (2d Cir. 1972); <u>Demsey Assoc., Inc.</u> v. <u>S.S. Sea Star</u>, 500 F.2d 409, 411 (2d Cir. 1974); <u>American Home Assurance Co.</u> v. <u>Hapog Lloyd Container Linie</u>, 385 F. Supp. 2d 316, 323 (S.D.N.Y. 2005). (K-Line Br. at 5-6.) K-Line also cites a case applying Virginia (continued...)

K-Line is correct that those cases provide for indemnification of attorneys' fees where there is indemnity imposed by law or contractual indemnity – but in the latter case, only if the contract allows or at least does not exclude attorneys' fees. For example, although K-Line cited to Peter Fabrics, Inc. v. S.S. Hermes (K-Line Br. at 6), K-Line did not call the Court's attention to the following language from that decision:

> Indemnity obligations, whether imposed by contract or by law, require the indemnitor to hold the indemnitee harmless from costs in connection with a particular class of claims. Legal fees and expenses incurred in defending an indemnified claim are one such cost and thus fall squarely within the obligation to indemnify. Consequently, attorney[s'] fees incurred in defending against liability are included as part of an indemnity obligation implied by law, and reimbursement of such fees is presumed to have been the intent of the draftsman unless the agreement explicitly says otherwise.

Peter Fabrics, Inc. v. S.S. Hermes, 765 F.2d at 316 (citations omitted & emphasis added); see also, e.g., Holly Marine Towing, Inc. v. Baker Heavy & Highway, Inc., No. 00 C 4750, 2003 WL 21920248 at *4 (N.D. Ill. Aug. 11, 2003) ("Reimbursement for such [attorneys'] fees is presumed unless the indemnification agreement expressly provides otherwise. . . ."); Windmoeller & Hoelscher Corp. v. S/S "Nurnberg Atlantic", 92 Civ. 2310, 1995 WL 479495 at *3 (S.D.N.Y. Aug. 10, 1995); United States v. GTS Adm. Wm. Callaghan, 643 F. Supp. 1483, 1485 (S.D.N.Y. 1986).

---

2/    (...continued)
law (the parties' contract is governed by Virginia law) to the same effect. See General Elec. Co. v. Mason & Dixon Lines, Inc., 186 F. Supp. 761, 765-66 (W.D. Va. 1960). (K-Line Br. at 9.)

As discussed above, Judge Jones held that K-Line was entitled to indemnification from Norfolk Southern pursuant to Intermodal Rules Circular #2 § 8.3.2. Section 8.3.3(e) of the Circular specifically states that Norfolk Southern "will not be liable for attorney fees." (Dkt. No. 60: Stip. Evidence Ex. C: Intermodal Rules Circular #2 § 8.3.3(e), quoted in full at page 4 above.

While K-Line argues that this applies to loss or damage to "lading" (i.e., cargo) and not to indemnification (K-Line Br. at 11), Judge Jones based her indemnification decision on § 8.3.2 (see pages 2-3 above), and there is no reason for § 8.3.2 only and not also § 8.3.3 to apply. Thus, § 8.3.3's exclusion of attorneys' fees is applicable here.

K-Line also argues that the Circular is lengthy and "is basically a 'take it or leave it' offer." (K-Line Br. at 10.) The fact is that K-Line is not a consumer or shipper of goods with no negotiating leverage with Norfolk Southern. K-Line negotiated an "Intermodal Transportation Agreement" with Norfolk Southern (Stip. Evidence Ex. B), and provided in that separate agreement that "[a]ll matters regarding liability arising with regard to loss and damage to lading shall be governed by and determined in accordance with Rule 8 . . . of the Rules Circular. . . ." (Stip. Evidence Ex. B: Intermodal Transportation Agmt. § 13(B)(1).) Nothing prevented K-Line from negotiating for indemnification including (as opposed to excluding) attorneys' fees.[3/]

---

[3/]     Rules Circular § 8.7.4 is not inconsistent with § 8.3.3. Section 8.7.4(c) provides for mandatory arbitration for claims under $100,000. Each party bears its own costs in the arbitration. Id. § 8.7.4(d). To discourage parties from nevertheless bringing a claim in litigation instead of arbitration, § 8.7.4(d) provides that in any such lawsuit, the loser will pay the winner's litigation costs, "including reasonable attorney fees." Id. § 8.7.4(d). (See Dkt.
(continued...)

Accordingly, § 8.3.3 precludes K-Line from recovering attorneys' fees from Norfolk Southern.

## **CONCLUSION**

K-Line's motion (Dkt. No. 58) for indemnification of its attorneys' fees by Norfolk Southern is **DENIED**. The Clerk of Court shall enter judgment dismissing K-Line's claim against Norfolk Southern and close this case.

SO ORDERED.

Dated:      New York, New York
            June 24, 2008

                                        **Andrew J. Peck**
                                        United States Magistrate Judge

Copies to:   David A. Nourse, Esq.
             Barry N. Gutterman, Esq.

---

3/      (...continued)
        No. 62: Norfolk Southern Opp. Br. at 5-6.)  As K-Line itself noted, neither it nor Norfolk
        Southern exercised the arbitration right "because it was obviously more cost effective to
        resolve all issues of cargo loss and damage and 'K'-Line's indemnity claim in this action. . . ."
        (K-Line Br. at 12 n.3.)

C:\OPIN\GREATAMERICAN